# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MICHAEL HOWARD on behalf of Brittany
Howard; ALEJANDRO HOWARD on behalf of
Brittany Howard,

                Plaintiffs,

-vs-                                   Case No.  2:09-cv-191-FtM-29SPC

T.C. MULTIFOODS, INC. doing business as
Wetzel's Pretzels, LLC; KENNETH J. CRAMER an
individual,

                Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. #7) filed on May 11, 2009.

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982),  the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  In the Joint Motion for Approval submitted by the Parties, (Doc. # 7), the Parties provide that a settlement of a bona fide good faith dispute was negotiated and is deemed fair and reasonable.

The Plaintiff originally claimed that his estimated overtime wages were $149.38 plus liquidated damages in an equal amount of $149.38, for a total of $298.76. The compromise of the original claim reached between the parties including attorney's fees and costs is to be distributed as outlined below.

The Defendant will pay to the Plaintiff the sum of $298.76, by check made payable to the Plaintiff and delivered to Plaintiff's Counsel. The funds will be released upon full execution of the agreement. The Defendant will pay to the Saenz Law Firm, P.A., the sum of $1,701.24, in complete satisfaction of attorneys' fees.

Although the amount of the attorney's fees appears excessive in light of the Plaintiff's minimal recovery, because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. #7) should be **GRANTED** and the case should be **DISMISSED with prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___15th___ day of May, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record